## NEW YORK UNDERWRITERS' INS. CO. v. FORRESTER.

### No. 2480.

Court of Civil Appeals of Texas. El Paso. Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

Thompson, Knight, Baker & Harris, of Dallas, and Dallas Scarborough, of Abilene, for plaintiff in error.

York & Camp, of Abilene, for defendant in error.

HIGGINS, J.

This is a suit by the defendant in error against the plaintiff in error upon a fire insurance policy issued by the latter in favor of the defendant in error in the sum of $3,800, insuring a dwelling house. The parties will be designated as they were in the court below.

During the term of the policy, the house was burned. It was alleged the same was completely destroyed.

Issue No. 1 reads: "Would a reasonably prudent person, uninsured, use the remnant of a building described in the policy of the insurance sued on, remaining after the fire complained of in this suit, as any substantial basis for restoring said building to the condition in which it was in before the fire?"

The second issue inquired as to the replacement cost of the house, and was submitted conditional upon an affirmative answer to No. 1. Number 1 was answered in the negative, for which reason the second question was not answered.

Upon the first finding judgment was rendered in the plaintiff's favor for $3,800, with interest.

All of the propositions submitted, except the first, submit in different manner the contention that the evidence does not raise the issue of a total loss; that in the state of the evidence such question should not have been submitted, and the finding in response to the issue is unsupported by the evidence.

██ The foundation of a building is a part of such building. National Liberty Ins. Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040, 1041. The policy sued upon covered the building, "including foundations." The house in question was built on a concrete foundation. Before the plaintiff could recover as for a total loss, it was incumbent upon him to show that under the rule announced in Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, the foundation was so damaged that it was not reasonably suitable upon which to rebuild the house and restore the same to its original condition. No witness testified to this effect nor is any such inference deducible from the testimony. All of the witnesses testified the concrete foundation was not burned, that it was still standing, and could be used in rebuilding the house. And one witness testified: "In my opinion, the foundation is as good as it was before the fire. The fire didn't affect it."

With reference to the condition of the foundation, the evidence as above outlined is without contradiction. All of the witnesses estimate the replacement cost, using the present foundation, at less than $3,800.

The propositions of the plaintiff in error as outlined above are therefore sustained. The question presented by the first proposition should not arise upon retrial.

Reversed and remanded.

### On Rehearing.

Defendant in error has filed an able motion for rehearing which has been carefully considered, but we see no reason to recede from the views indicated in the original opinion. The evidence as to the condition of the concrete foundation of the building after the fire is undisputed, and is as stated in the original opinion. Under the rule announced by the Supreme Court of this state in the Dansby and McIntyre Cases, we think the conclusion announced in our original opinion is correct.

The motion for rehearing is therefore overruled.