**FORRESTER v. NEW YORK UNDERWRIT-
ERS' INS. CO.**

**No. 1353—5910.**

Commission of Appeals of Texas, Section B.
July 19, 1932.

York & Camp, of Abilene, for plaintiff in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

**RYAN, J.**

This suit was brought by J. A. Forrester (for himself and for the benefit of the Abilene Building & Loan Association) to recover from New York Underwriters' Insurance Company the amount of an insurance policy issued by the latter against loss by fire of a dwelling house in the city of Abilene. A total loss was claimed and Forrester recovered judgment for himself and benefit of said building and loan association for the full amount of such policy with interest from the date he made proof of loss, based upon the jury's answer to a special issue submitted to them.

The Court of Civil Appeals reversed said judgment and remanded the cause. 34 S.W. (2d) 337.

The destroyed property consisted of a brick veneer house containing six rooms and a bath, described in the policy as "the one story shingle roof brick veneer building and additions attached thereto, including foundations, permanent piping and fixtures for heating, lighting and water service, occupied by the owner and not otherwise, as a dwelling and situated at No. 609 Portland Street in Park Heights Addition, Abilene, Texas" and was "insured against all direct loss or damage by fire * * * to an amount not exceeding $3800.-00."

The policy provided: "In case there be a total loss by fire of any real property insured by this policy, as to such real property so totally destroyed, if a liability shall exist hereunder for such loss, it shall be held and considered, subject to the terms of this policy legally applicable, to be a liquidated demand under Article 4874, Revised Civil Statutes of Texas, against this company for the full amount hereof covering such real estate. In all other cases this company shall not be liable beyond the actual cash value of the property at the time of the loss, with proper deductions for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality."

The house was built on a concrete foundation, the dimensions being 29 by 43 feet. It was practically burned down to the foundation; there was very little of the charred framing left standing and burned brick were lying in the yard. The floor was burned through in several places and part of the floor joists were burned through.

One of the company's witnesses, engaged in the contracting business for about twenty years, summarized the situation after the fire, thus: "As a matter of fact, that house was completely destroyed, with the exception of the plumbing, the floor joists and the foundation, and the porch; of course, concrete, it wouldn't burn."

Contractors differed greatly in their values of what it would cost to restore the building to its condition before the fire, but they all agreed that the foundation could be used. The highest estimate was $3,068 to rebuild, using any material that was left, and could be used. The contractor making that estimate stated it would cost about $160 to build such foundation, and the total salvage would not amount to more than $200.

Another estimate of the cost of replacing the house, based on the value of material available for use, was $2,315, which contemplated the use of the foundation, front porch, and steps. Value of material available for use was estimated at $463.95, of which $209 was

234

figured as the total value of the concrete work, and that of brick on the ground at $54.

Another contractor's figures of $607.40 as the value of material on the ground included several items in addition to the foundation, and $2,000 as the cost of rebuilding the house "just like it stood before the fire * * * using what materials that are there on the ground."

And still another contractor fixed the salvage value at $718 and the cost of rebuilding the house at $2,353 using the salvaged material. He "figured on tearing down the walls to the foundation, in rebuilding the house."

The foundation was included in the policy, by its express terms; the contention of the company is that as the foundation was not damaged by the fire, the loss is not a total one under article 4929, Rev. Stat. 1925, which makes a fire insurance policy a liquidated demand for its full amount in case of total loss by fire.

As said by Judge Sharp in American Central Insurance Company v. Terry (Tex. Com. App.) 26 S.W.(2d) 162, 164: "The test of what constitutes a total loss has been settled in this state and in an exhaustive and able opinion rendered by the Supreme Court, speaking through Justice Denman in the case of Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 1074, 35 L. R. A. 672, 59 Am. St. Rep. 797, after reviewing many authorities and cases, says: 'After a careful consideration of the question, we are of opinion that there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury; that whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis.'"

In Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447, 449, Judge Sonfield, after consideration of the authorities, concluded: "There can be no total loss of a building so long as a substantial remnant of the structure, standing in place, is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury, and whether it is so adapted depends upon whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

In National Liberty Ins. Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040, 1041, following the rule announced in Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, Judge German held that although the undamaged concrete foundation and two stone steps were not specially covered by the policy, the foundation was an essentially necessary part of the structure and included in the policy. He concluded that it is a question of fact whether the foundation is a substantial part of the structure as compared with the value of the entire building, and, if so, then it is a further question of fact as to whether or not it is reasonably adapted for use as a basis upon which to restore the building under the rule laid down in the McIntyre and Strayhorn Cases.

The trial court seems to have followed the above rules in submitting special issue No. 1, and defendant in error registered no objection to its form, but did object to its submission on the ground that the evidence showed that the building was not totally destroyed by fire, and requested a peremptory instruction in its favor for that reason, which the trial court refused.

The reversal of the trial court's judgment and remand of the case by the Court of Civil Appeals is because of the insufficiency of the evidence to support the verdict. That court is invested with the full power of determining the facts, and having remanded the case, its judgment to that extent must be respected. Gray v. Kaliski (Tex. Com. App.) 45 S.W.(2d) 157; Belser v. Hale Lumber Co. (Tex. Com. App.) 41 S.W.(2d) 208; Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565.

We therefore recommend that the judgment of the Court of Civil Appeals, which reversed the judgment of the district court and remanded the cause for a new trial, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing that of the district court, is affirmed, as recommended by the Commission of Appeals.