G. E. ROBINSON ET UX V. R. L. DRAPER ET AL.

No. 7303. Decided April 19, 1939.
Rehearing overruled June 7, 1939.
(127 S. W., 2d Series, 181.)

*Carney & Carney,* of Atlanta, and *Wm. Hodges,* of Texarkana, for plaintiffs in error.

Under Article 2687a, R. S. 1925, and the contract in this case, R. L. Draper was a contractor under the law, and he and his surety, the Republic Underwriters, were liable to the parents of the deceased child for the negligent acts of the driver of the bus resulting in the death of the child. 39 Tex. Jur., 918, sec. 22; Sawyer v. El Paso & N. E. Ry. Co., 108 S. W. 718; El Paso & N. E. Ry., Co. v. Landon, 124 S. W. 744; First State Bank of Temple v. Metropolitan Casualty Co., 125 Texas 113, 79 S. W. (2d) 835.

*Bartlett & Patman, Linden, Darden, Burleson & Wilson,* of Waco, for defendants in error.

Where the undisputed evidence shows that the contract and bond sued upon were made for the benefit of the named school authorities and to indemnify such authorities, and where the undisputed evidence further discloses that there was no privity of contract between the surety on the bus driver's bond and the plaintiffs, the plaintiffs could not maintain a suit on said bond for the negligence of the principal. City of Wichita Falls v. Swartz, 57 S. W. (2d) 236; Neeson v. Bluth, 63 S. W. (2d) 1046, affirmed 127 Texas 462, 94 S. W. (2d) 407; Grasso v. Cannon Ball Motor Freight Lines, 125 Texas 154, 81 S. W. (2d) 482.

*Touchstone, Wright, Gormley & Price,* of Dallas, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court plaintiffs in error, G. E. Robinson and wife, Mrs. Willie Robinson, recovered judgment against R. L. Draper for $3,000.00 and against the surety on his bond, Republic Underwriters, for $2,000.00, on account of the death of Mildred Ruth Robinson, their seven-year-old daughter. The trial court's judgment was reversed by the Court of Civil Appeals and judgment was there rendered that plaintiffs in error take nothing. 106 S. W. (2d) 825.

A full statement of the case is made in the opinion of the Court of Civil Appeals, but an abridged statement is sufficient to disclose the grounds upon which our decision rests. Mildred Ruth Robinson alighted from a bus being driven at the time by Thurman Draper, son of R. L. Draper, and was killed by a passing automobile. The bus had been stopped for the purpose of allowing her and other children to alight therefrom. R. L. Draper was under contract with the County Board of Cass County to operate a bus for the transportation of school children and Repubic Underwriters was surety on his bond executed to that Board in the sum of $2,000.00. Judgment was rendered against Draper upon findings of negligence on the part of his son, who was in charge of the bus and driving same at the time the child was killed, and against Republic Underwriters upon the bond.

The Court of Civil Appeals reversed the judgment against Republic Underwriters upon the ground that the bond did not purport to include the servants or agents of R. L. Draper, or any person other than Draper who might be driving the bus, and the surety, therefore, could not be held liable for the negligent acts of Draper's son, Thurman. The judgment against Draper was reversed upon the ground that there was no proof or finding of fact that his son was his servant or agent.

■ One ground urged in the Court of Civil Appeals for a reversal of the judgment of the trial court was that there was a fatal variance between the allegations and proof. If the judgment of the Court of Civil Appeals may be upheld on any ground, it is our duty to uphold it. We are therefore authorized to consider any assignment presented in that court for the purpose of upholding its judgment. Cox, Inc. v. Humble Oil & Refining Co., 16 S. W. (2d) 285; Jordan v. Morton Investment

Co., 127 Texas 37, 90 S. W. (2d) 241; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123. Since a decision of the question of variance will result in an affirmance of that court's judgment in so far as it reversed the judgment of the trial court, and since that question goes to the heart of the controversy and sheds light on the other questions, we shall give it our first consideration.

In their petition upon which they went to trial the plaintiffs in error alleged:

"Plaintiffs allege that heretofore to-wit on or about the 1st day of September, 1934, trustees of the said Hebron School District in accordance with the law contracted with one R. L. Draper to operate a bus for the transportation of pupils attending the said Hebron School; that the said R. L. Draper, in accordance with the law made bond under the provisions of Article 2687a Revised Civil Statutes of Texas, in the sum of $2,000.00 conditioned upon the faithful and careful discharge of his duties for the protection of pupils under his charge; that the defendant, Republic Underwriters, is a corporation engaged in the business of making surety bonds, and became the surety upon the bond of the said R. L. Draper, in the sum of $2,000.00 and thereby became bound and liable for any failure of the said R. L. Draper in the faithful and careful discharge of his duties for the protection of the pupils transported by him to and from the said Hebron School in Cass County, Texas; that thereafter the said R. L. Draper entered upon his duties as driver of the said bus and carried pupils of the said Hebron School to and from the said school under the said contract and under the said bond; that among others the daughter of plaintiffs, Mildred Ruth Robinson, was transported to and from the said School in the said school bus of the said R. L. Draper."

Upon the trial neither the contract nor the bond alleged to have been executed was offered in evidence and there was no testimony on the question of whether or not such contract and bond ever existed. There were offered in evidence a contract dated September 10, 1934, between R. L. Draper and the County Board of Cass County and a bond executed by Draper and Republic Underwriters in which the County Board of Cass County was named as obligee, clearly a different contract and a different bond from those alleged. The question of variance was disposed of by the Court of Civil Appeals in the following language:

"* * * This suit being not by a party to the contract, but by parties seeking to recover on the theory that the bond was made for their benefit, we think the name of the contracting party (other than Draper) should be treated as an immaterial matter of description not within the rule that in a suit upon a contract recovery can be had, if at all, only upon proof of the identical contract alleged. For authorities supporting the last named general rule, see collation in McAlister v. Bivins, 29 S. W. (2d) 853. The obligation sought to be enforced in this suit is the same whether the contracting parties were as alleged, or as proved."

■ If, as stated in that opinion, the obligation sought to be enforced is the same whether the contracting parties were as alleged or as proved, the conclusion of the Court of Civil Appeals is sound, for a judgment should not be reversed because of an immaterial variance. But to our minds the variance in this case was most material. The conclusion of the Court of Civil Appeals upon this question would have been different, no doubt, had its attention been called to a statute hereinafter to be cited. The briefs filed in that court made no reference to such statute. Its opinion appears to have been based upon the assumption that the only statute involved and the one in accordance with which the contract and bond were executed, was Article 2687a of Vernon's Civil Statutes (Ch. 42, Acts 41st Leg. 1st Called Session), and the bond was accordingly regarded and construed as a statutory one. It was also assumed that the contract was made for the transportation of Mildred Ruth Robinson in accordance with the authority of that statute. It appears from the record, however, that the bond was not a statutory bond at all; that the contract was entered into in virtue of another statute, and there is no showing that the deceased child was one of the pupils whom Draper contracted to transport.

Article 2687a of Vernon's Statutes relates to the intradistrict transportation of pupils. It provides for the making of a contract by the trustees of a school district for such transportation and prescribes that the drivers shall be required to give bond, payable to the district, for such amount as the board of trustees of the district may prescribe, not less than $2,000.00, and contains other provisions not necessary here to state. Plaintiffs in error alleged that a contract and bond were executed in accordance with the provisions of that statute, but the record is silent about the matter. The contract offered

in evidence was made in accordance with another and different statute. The contract is headed as follows:

"CONTRACT FOR TRANSPORTATION OF
PUPILS UNDER RURAL AID LAW 1934-1935."

In the body of the contract it is disclosed that the compensation to be paid Draper was "the sum of money allowed by the State, payable, monthly or when warrants are issued by the Rural Aid Division." It further discloses the route to be driven by Draper and the stops on that route, the last stop being at Atlanta High School. It is a contract by the County Board for interdistrict transportation and one which the trustees of a local district were not authorized to make. The Rural Aid Law of 1934-1935 referred to in the heading of the contract, which expired by limitation of time on August 31, 1935, authorized the County Board to contract for the interdistrict transportation of pupils. It was a comprehensive Act making appropriations to aid rural schools and may be found in Ch. 211 of the Regular Session of the 43rd Legislature. Section 11 of that Act contained the following provisions:

"The County Superintendent and County School Board are hereby authorized to set up a system of transportation for the purpose of transporting high school pupils from their districts where their grade is not taught to the most convenient accredited high school. The expense of such transportation shall be paid out of funds hereby provided not to exceed Two Dollars ($2.00) per pupil per month. * * *."

The contract offered in evidence was made pursuant to that Act, which, of course, means that it was made for the interdistrict transportation of high school pupils. It appears that high school pupils were transported under the contract from Hebron and Queen City Districts to the Atlanta High School.

Another provision of Section 11 of that Act was as follows:

"It is further provided that the districts through which the buses travel may make provisions with the County Superintendent and County School Board to have any other children not provided for herein, transported within and between their respective districts, and said districts may make application for State Aid thereon to an amount not to exceed One Dollar ($1.00) per month per pupil. * * *."

It would appear that one of the purposes of that provision was to enable local districts to have a chance to participate in the rural aid transportation fund, and it would also appear

that the trustees of the Hebron School District were thereby authorized to make arrangements with the County Superintendent and County School Board to have the bus which transported high school pupils to the Atlanta High School to transport also pupils to the Hebron school; but there is no showing in the record that the trustees of the Hebron School ever made such arrangement with the County Superintendent and the County Board. If it should be assumed that Mildren Ruth and other children attending Hebron school who were transported in that bus were transported because of some such arrangement, still there is no showing whether such arrangement, if made, was made before or after the contract and bond offered in evidence were executed.

■ There is no statutory provision with reference to a bond to be exacted by the County Board in connection with any contract which it might make for the transportation of pupils. The bond offered in evidence was therefore not a statutory bond, but a common law bond. In the light of the foregoing statement the materiality of the variance in this case becomes apparent. Plaintiffs sued upon a contract made by Draper with the local trustees of Hebron school for the intradistrict transportation of pupils to that school and upon a statutory bond executed in accordance with Art. 2687a to the Hebron district. They offered in evidence a contract made in virtue of an entirely different statute with the County Board of Cass County for the transportation of high school pupils to the Atlanta High School and a common law bond executed in connection therewith. The materiality is further emphasized by the fact that the County Board may or may not have contracted with Draper for the transportation of pupils to the Hebron school. Had the petition declared upon the contract and bond offered in evidence, it would have devolved upon plaintiffs in error to make proof that, prior to their execution, the trustees of the Hebron school had made arrangements with the County Superintendent and County Board for the transportation of pupils to the Hebron school.

It thus appears that the case has been tried on an erroneous theory and that it has not been fully developed. It must therefore be retried and the pleadings recast.

■ Since we do not have the facts before us, any decision which we might make of the other questions presented would be upon supposable facts. Until the facts are developed we cannot satisfactorily determine the question of whether Draper should be held for the negligence of his son who was driving

the bus on the occasion of the injury. The bond offered in evidence, viewed as a common law obligation, should not be construed, as a matter of law, as excluding liability for the negligence of Thurman Draper. The facts with reference to his employment have not been developed. In view, however, of another trial we feel constrained here to observe that, after a careful consideration of the bond offered in evidence, in the light of the contract offered in evidence, the material provisions of which are set out in the opinion of the Court of Civil Appeals, we are of the opinion that it was made for the benefit of the children to be transported, whoever they may have been. We can give no other meaning to the bond. The County Board of Trustees had no financial interest to protect. It was simply administering a state fund provided to aid rural schools and could suffer no financial loss by a breach of the contract. It obligated itself to pay no consideration for the transportation of the children; the only consideration to be received by Draper being that provided by the State. If the bond was not made for the benefit of the children to be transported, it amounted to nothing at all. True, it afforded but scant protection to children, but that fact alone is not controlling.

The judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the trial court, is affirmed; but, in so far as it rendered judgment that plaintiffs in error take nothing, it is reversed and the cause is remanded to the trial court.

Opinion adopted by the Supreme Court April 19, 1939.

Rehearing overruled June 7, 1939.