### REEVES et al. v. TITTLE.

#### No. 1903.

Court of Civil Appeals of Texas. Eastland.

May 5, 1939.

Rehearing Denied June 9, 1939.

Smith & Eplen, of Abilene, and Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellants.

Scarborough & Ely, of Abilene, for appellee.

FUNDERBURK, Justice.

The parties below were Betty Jane Tittle, by C. R. Tittle, next friend, as plaintiff, and R. L. Reeves and Commercial Standard Insurance Company, as defendants.

The defendant Reeves interpleaded P. C. Forrester, seeking a contingent judgment over against him, and the defendant Commercial Standard Insurance Company (hereinafter referred to as the surety company), by trial amendment, sought judgment over against R. L. Reeves for the amount of the recovery, if any, against it. R. L. Reeves was the contract school bus driver and the surety company was surety upon his statutory bond. The minor Betty Jane Tittle was injured by being struck by a passing automobile, driven by P. C. Forrester, just as she had descended from the school bus into the highway. The nature of the case will be further sufficiently reflected by the issues as submitted to, and found by, the jury.

By the verdict the jury found: (1) That Reeves let the plaintiff out of the bus in the middle of the road; (2) that such act was negligence; (3) and a proximate cause of plaintiff's injuries; (4) that Reeves failed to keep a proper lookout for approaching cars when he put the plaintiff off the bus; (5) that such failure to keep a proper lookout was negligence and (6) a proximate cause of plaintiff's injuries; (7) that it was negligence on the part of defendant Reeves in failing, if he did, to stop his bus on the right hand side of the road on the occasion in question; (8) which was a proximate cause of the accident in question; (9) that the negligence of P. C. Forrester in passing the school bus while it was discharging passengers on the occasion in question was not the sole proximate cause of the accident in question; (10) that the act of said Forrester in passing the bus on the right hand side on the occasion in question was not the sole proximate cause of the accident in question; (11) that P. C. Forrester did not fail to sound a suitable and audible signal as he approached the bus; (13) that the negligence of P. C. Forrester in failing to bring his car to a complete stop before attempting to pass the school bus after it had stopped was not the sole proximate cause of the accident in question; (14) damages were found in the sum of $2,000. From the judgment against both defendants for said sum they have appealed and have filed separate briefs.

The first question for decision is whether or not one or more of the negligent acts or omissions of Forrester, causing the injury, was shown by the evidence conclusively and as a matter of law to have been a new and independent cause of the injury. The school bus with signs complying with Penal Code, Art. 301b, Vernon's Ann.P.C. art. 301b, was stopped a little to the left of the middle of the road and passengers (three school children) were being discharged therefrom when Forrester in his automobile passed on the right, injuring the child. Under said provision of the Penal Code, Forrester was negligent per se; and his negligence was the immediate cause of the injury. Did such negligence and its said effect as a matter of law supersede the negligence of the bus driver, if any, and its effect? That is one way of stating the question to be determined.

We think it was, at least, a question for the jury, under the evidence, whether it was negligence on the part of

Reeves to require or permit the plaintiff to descend from the bus into the middle of the highway. One of the obligations of his contract was "to use every care and precaution in the way of protecting the children transported." Revised Statutes 1925, Art. 2687a, Vernon's Ann.Civ.St. art. 2687a, required his bond to be "conditioned upon the faithful and careful discharge of" his "duties for the protection of the pupils under" his "charge." We reached the conclusion in Draper v. Robinson, Tex.Civ.App., 106 S.W.2d 825, 828, that "the duty of care on the part of the driver of a school bus would continue at least until a small child was safely off the highway." Premising that one or more issues of negligence on the part of Reeves was supported by evidence so as to authorize or require submission to the jury, we pass to an examination of the law and evidence as relating to the issues of proximate cause and new and independent cause. If both Reeves and Forrester were each independently guilty of negligence it is undoubtedly true, we think, that but for the negligence of either the accident would not have occurred. In other words, the negligence of each caused the injury. The question of liability, however, is not necessarily concluded by the fact that the negligence of each caused the injury. The question at issue is to be determined from a consideration of whether Reeves should reasonably have anticipated the injury or some similar injury as a result of his acts and/or omissions, charged as negligence. Important in such consideration is the undisputed evidence showing that negligence of Forrester was the immediate cause of the injury. It is undoubtedly the general rule that the anticipation of consequences of voluntary acts or omissions does not include negligent acts or omissions of third persons. The rule is not without exceptions. One exception is set forth in Restatement of the Law of Torts, sec. 449, p. 1202, thus: "If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." In the same connection it is further said: "The duty to refrain from the act committed, or to do the act omitted, is imposed to protect the other from this very danger. To deny recovery because the other's exposure to the very risk,

from which it was the purpose of the duty to protect him, resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity."

█ Independently of Penal Code, Art. 301b, Reeves might have been guilty of negligence upon some or all of the grounds alleged. The statute was not enacted to relieve him of any duty, the violation of which would constitute negligence on his part. Rather, the purpose of the statute, we think, was to afford an additional protection to school children from the hazard of traffic upon the public highways. We do not think that as affecting the liability of a school bus driver the statute should be construed as completely abolishing such hazard. On the contrary, we think that prior and subsequent to the enactment of the statute, the hazard from which the duty of care on the part of a school bus driver existed, includes unlawful acts and omissions of third parties upon the highways. We, therefore, conclude that the court did not err in refusing the requested peremptory instruction for the defendants.

█ It is next contended that if issues of new and independent cause were not conclusively established by the evidence that same, at least, were raised by the evidence, and the court erred in refusing defendants' request for the submission of special issues inquiring whether (1) the act of P. C. Forrester in driving by the school bus; (2) the attempt of Forrester to pass the school bus while it was discharging passengers; (3) the act of Forrester in attempting to pass upon the right hand side of the bus; and (4) the failure, if any, on the part of the said P. C. Forrester, to sound a suitable and audible signal, were each several new and independent causes of the accident in question. Such issues were pleaded by the defendants. The court defined "New and independent cause" as follows: "An act or omission of a separate and distinct agency, happening subsequent to the acts or omissions of the defendant under consideration, but not caused or put in motion by such act or omission of the defendant, and which causes or contributes to cause the accident in question, and without which the accident would not have happened, and which the defendant in the exercise of ordinary care would not have foreseen." Proximate cause was defined as "that cause which in natural and continuous se-

quence, unbroken by any new independent cause, produces injury, and without which the injury could not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care that the injury complained of, or some similar one would result naturally and probably, in the light of attending circumstances."

The correctness of neither definition is challenged under any of the assignments of error.

The court refused to submit said requested issues and the propriety of that action is presented for review.

In lieu of the requested issues the court did submit, severally, issues inquiring (1) whether "the act of P. C. Forrester in passing the bus on the right hand side", (2) whether the negligence, if any, inquired about in special issue No. 12 (that is, the failure, if any, on the part of P. C. Forrester to sound a suitable and audible signal), (3) whether the negligence of P. C. Forrester in failing to bring his car to a complete stop before attempting to pass the school bus after it had stopped were, each, "the sole proximate cause of the accident in question."

It is apparent that the several requested issues refused to be given and the above issues that were given were the same, except the requested issues inquired whether the acts or omissions of Forrester were each "a new and independent cause", while the issues submitted inquired "whether the same acts or omissions were each the sole proximate cause of the accident." Under the court's definition of proximate cause and new and independent cause, the real subject matter of the issues submitted and those requested, but not submitted, was the same.

Under the definitions as applied to any view of the evidence the jury could take, a new and independent cause was required to be a sole proximate cause. There was no objection to the manner of statement of said issues, as submitted. At least, in the absence of such objection there was, we think, no error in the action of the court in refusing said requested issues, which in legal effect, would have amounted to a duplication of the issues already given. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920.

The court did not err in refusing to submit issues requested by Reeves inquiring as to the lettering on the school bus. The evidence was undisputed and conclusive upon that point and for that reason, if no other, not required to be submitted.

Upon the point that the surety company was not liable on the bond because the plaintiff was not a party to the bond and it was not made for her benefit, we adhere to our holding in Draper v. Robinson, supra; our opinion upon this question having been recently approved by the Supreme Court in language as follows: "we feel constrained here to observe that, after a careful consideration of the bond offered in evidence, in the light of the contract offered in evidence, the material provisions of which are set out in the opinion of the Court of Civil Appeals, we are of the opinion that it was made for the benefit of the children to be transported, whoever they may have been." Robinson v. Draper, Tex.Com.App., 127 S.W.2d 181, 185.

There is no suggestion in the record that the Trent Independent School District, nor County Board of Education, Taylor County, the nominal obligees in the bond in suit, had any cause of action upon the bond at the time suit was filed. In our opinion, they were not necessary parties to the suit.

A proposition is submitted by each of the appellants complaining of a part of the closing argument of Judge W. R. Ely, counsel for plaintiff, as follows: "Just for a few minutes, I want to make a few observations. * * * Old man Forrester isn't here and answering and you can see about how much a lawsuit against old man Forrester would be worth to anybody. * * * We sued Mr. Reeves and his bonding company, * * * I don't know whether a judgment against Mr. Reeves would be worth anything or not. I don't know. That doesn't enter into it, but he is under bond and we have got them sued and they are here answering."

The objection to the argument was, "We object to any reference counsel makes in reference to the bond or in connection with the bond, or the Insurance Company in connection with this case, because it is prejudicial to the defendant Reeves. * * *." It is apparent that the objection did not raise the point now made, that it contrasted the financial position of the parties and/or "sought judgment against

the bonding company because it was able to pay whether Reeves was or not."

At any rate, we are of the opinion that the argument was not of that nature which can be said as a matter of law to be reasonably calculated to prejudice the right of the adverse party and thereby give rise to a legal presumption that it had such effect.

We find it unnecessary to determine the question of whether there was no evidence to raise the issue of Reeves' negligence in failing to stop the school bus on the right hand side of the road. A decision of that question, even if favorable to the appellants, would have no effect upon the judgment to be rendered, based upon other grounds of negligence.

Being of the opinion that no reversible error is shown and that the judgment of the court below should be affirmed, it is accordingly so ordered.