80Ł



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. C. Randle
County Attorney
Ellis County
Waxahachie, Texas

Dear Sir:          Attention:  Mr. F. L. Wilson
                             Assistant County Attorney

               Opinion No. 0-6182
               Re:  Use of School bus on extra-
                    curricular activities, and
                    related questions.

          Reference is made to your letter of August
28, 1944, which is as follows:

          "We will appreciate your opinion,

          "1.  Do the members of the school
board, either officially or personally, have
any liability for operation of school buses
on extra-curricular activities, such as ath-
letic trips etc?

          "2.  Does the bus driver's statutory
bond apply when the bus is being driven on
missions described in question above?

          "3.  Could the school board legally
buy, from non-tax funds, liability and property
damage insurance protecting the school board
and the bus drivers against its liability aris-
ing from outside activities mentioned in
Question No. 1?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is well settled that a school district is not liable for the torts of its agents or employees which are committed in the performance of a governmental function.

School trustees are vested under our laws with broad powers in the control and management of schools. They are charged with the promotion of education within their respective districts, and in the absence of statutory limitations they are vested with large discretion in the exercise of their powers of administration. State Line School District vs. Farwell School District, 48 S. W. (2) 616.

It is recognized generally in this State that athletic contests, interscholastic league meetings, and other extra-curricular activities have become a necessary and integral part of our educational system. The plans for modern school plants have been designed with the view of providing proper facilities for the furtherance of this program. The use of a school bus in aid of these activities has been deemed essential, in many instances, to equalize the opportunities of pupils who, in the absence of such use, could not participate.

It follows that the use of a school bus under such circumstances is but the performance of a governmental function, and in the absence of an abuse of discretion on the part of the trustees, they are not legally personally liable for the operation of the bus.

The bond executed by the school bus driver in accordance with the provisions of Article 2687a, V. A. C. S., is made for the benefit of the children to be transported. Robinson v. Draper, 133 Tex. 280, 127 S. W. (2) 181. The statutory bond of the bus driver would apply when the bus is being driven on such mission provided the driver's contract with the school board, and on which the bond is based, obligates him to drive the bus on these occasions.

In response to your third question, this is to advise that this department has held in Opinion No. O-1418 that public funds could not be used to pay premiums on insurance policies covering school busses for the protection of third parties against damages for which the school district itself could not be held liable. We concur in such holding, and are of the opinion that this includes any public fund, whether it be tax or non-tax.

Hon. C. C. Randle - Page 3


                We trust that this gives you the information
desired.

                                    Yours very truly

        ..GUST 10, 1944            ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

                            By        Jack W. Rowland
                                            Assistant

JWR:BT


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN