

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

August 21, 1948

Hon. Odis Tomachefsky
County Attorney
Washington County
Brenham, Texas

Opinion No. V-663

Re: Legality of member of
County School Board
contracting with a
local school district
for the sale of gaso-
line for repairs for
its school busses.

Dear Sir:

We refer to your letter request on the follow-
ing question:

"Can a member of the Board of County
School Trustees sell gasoline to a school
district, and can such Board member do re-
pair work on school busses belonging to
local school districts located in the coun-
ty where such member is a member of the
County School Board."

Article 2687a, Vernon's Civil Statutes, re-
lates to intradistrict transportation of pupils. It pro-
vides for the making of a contract by the trustees of an
independent or common school district for such transpor-
tation and contains other provisions not necessary here
to state. Robison v. Draper, 133 Tex. 280, 127 S.W.(2d)
181.

Article V, H. B. 295, of Acts of 1947, 50th
Legislature, relates to interdistrict as well as the
intradistrict transportation of pupils. It provides
that the County School Board and County Superintendent,
subject to the approval of the State Superintendent of
Public Instruction, may set up the most efficient sys-
tem of transportation possible for the purpose of trans-
porting pupils from their districts and within their dis-
tricts. It further provides for the making of a contract
by the County Board of Trustees for bus drivers for such
transportation; and the payment of salaries of same out
of the County Board Transportation Fund when said driv-

ers are employed by the County Board, and that the County Board of Education shall distribute funds in the County Board Transportation Fund equitably to the eligible districts who have properly shown budgetary need for State aid in accordance with provisions of the Act. (Opinion No. V-139).

Article XIV of H. B. 295 provides that "All motor vehicles including busses and bus bodies, tires and tubes, purchased for or by any school district receiving aid under the terms of any equalization act. . . shall be purchased by and through the Board of Control. And no such school district or its officers or employees shall have the power to purchase for such school district any of such items except in those instances wherein an emergency requires an immediate purchase thereof, to be reported to and approved by the Board of Control."

The immediate control and management of the various school districts of Texas is in their respective local boards of trustees and the school laws vest in them the power to contract for their needs. Articles 2749, 2780, 2827 and 2774a, Section 4, V. C. S. Having authority to operate a transportation system for their scholastics, district boards of trustees have the power and do contract for gasoline and repairs for their busses necessary in the operation of that system. This the local board may do without the approval of the County School Board or the State Board of Control. In cases of emergency they may contract or purchase, without approval from the Board of Control, those items ordinarily requiring approval of the State Board as set out in Article XIV, H. B. 295.

Clearly, therefore, the business of purchasing or contracting for gasoline or repairs on school busses owned by local school districts is the business of the local school district boards and constitutes no part of the functions of the county board of school trustees.

This office has heretofore held that the sale of gasoline or other supplies by a person to a school district, such person being a trustee of the school district to which the supplies are sold is void as against public policy. Opinions Nos. 0-1589, 0-1014, 0-2758, 0-878, 0-2306. It is well established in Texas that contracts entered into by a public officer in his official capacity are illegal and void if such officer eith-

er directly or indirectly has a pecuniary interest in such contract. Meyers v. Walker, 276 S.W. 305, and authorities therein cited; A. G. Opinion O-4590.

In the situation under consideration herein, it is our understanding that the sale of gasoline and repairs for school busses belonging to the local school districts for the transportation of its scholastics are consummated between the local school board and a person who is a member of the County School Board. Further, that the contracts for gasoline or repairs are entered into by the County Board member as an individual privately engaged in such business enterprise, and not in his official capacity as a County Board member.

In Opinion No. O-1589 this office held that although Article 373, Penal Code, makes it unlawful for an officer of a county, city or town to sell gasoline to said county, city or town, it does not make it unlawful for said officer to sell gasoline to an independent school district.

It is, therefore, our opinion that the sale of gasoline or repairs to a local school district to be used in the operation of its locally owned school busses by a person who is a member of the County Board of School Trustees is permissible and is not per se void as against public policy. The relationship alone of the County Board member to the County School Board is not sufficient, we believe, to invalidate the contract. We assume in connection with your question that the County Board member exerts no overt pressure stemming from his official position as a member of the County Board in his contracts with the local school boards of his county.

### SUMMARY

The sale of gasoline or repairs to a
local school district to be used in the
operation of its locally owned school busses
by a person who is a member of the County
Board of School Trustees is permissible and
is not void per se as against public policy.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL
CEO:mw

By *Chester F. Ollison*

Chester E. Ollison
Assistant