## NATIONAL LIBERTY INS. CO. v. DANSBY.
### (No. 528–3998.)

(Commission of Appeals of Texas, Section A. April 23, 1924.)

Insurance ⬤⟶493—When foundation included as necessary part of structure stated.

Unless insurance contract indicates with reasonable certainty that foundation of building is not covered by insurance, a foundation will be deemed included in the policy, so that, in suit under Rev. St. art. 4874, for full face value of policy insuring dwelling but not mentioning foundation, excluding testimony of reasonable value of foundation left standing after burning of dwelling was error; it being question of fact whether the foundation was a substantial part of the structure as compared with the value of the entire building, and whether it was reasonably adapted for use as a basis upon which to restore the building.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by M. F. Dansby against the National Liberty Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (251 S. W. 556), and defendant brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for plaintiff in error.

Robt. Armstrong and Henderson & Ranson, all of Bryan, for defendant in error.

GERMAN, P. J. In this case defendant in error, Dansby, recovered a judgment against plaintiff in error National Liberty Insurance Company in the district court of Brazos county in the sum of $5,000. The property covered by the policy was described therein as follows:

"The two-story shingle roof frame building and additions thereto, including the heating and lighting apparatus and all permanent fixtures, while occupied by owner, and not otherwise, as a dwelling."

It is undisputed that the dwelling was completely destroyed by fire, and nothing was left but two stone steps and the concrete foundation. The brick piers were left partly standing, but were so damaged as to be worthless. Plaintiff in error takes the position that, as the foundation and two stone steps were not damaged by the fire, the loss is not a total one under article 4874 of the statutes. That article is as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property."

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the trial plaintiff in error offered to prove by a witness who was an experienced builder that the stone steps and foundation were not damaged by the fire, and that same were a substantial part of the building, that a reasonably prudent owner, without insurance, who desired to rebuild the building as it was before the fire, would use said foundation and steps in rebuilding, and in rebuilding the same the stone steps and foundation would have a reasonable value of $1,000. This testimony was objected to, and the objection sustained. The trial court instructed a verdict for the full amount of the policy, as a liquidated demand, on the theory that the foundation and stone steps were not within the contemplation of the parties to the policy, and were not covered by the policy; so that there was a total loss of the property insured.

Plaintiff in error relies upon the rule laid down in the case of Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, which is stated in this language:

"After a careful consideration of the question we are of opinion that there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury; that whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

In the case of Fire Association of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447, by Section A of the Commission, this rule was reaffirmed, after a full discussion of numerous cases, with the additional holding that the part remaining of the building must be a substantial part thereof. It will be observed that the testimony offered by plaintiff in error met every requirement of this rule. It follows therefore that the court erred in excluding this testimony, unless it be held as a matter of law that the contract of insurance was not intended by the parties to cover and include the foundation. Counsel for defendant in error rely upon this expression in the case of Murphy v. American Central Ins. Co., 25 Tex. Civ. App. 241, 54 S. W. 407:

"We think the weight of authority to be that, in making the contract for insurance, it was contemplated that the foundation would not be destroyed, but that the contract was entered into with reference to that portion of the structure above ground. O'Keefe v. Insurance Co. (Mo. Sup.) 41 S. W. 922, and authorities cited."

This expression was not necessary to a decision of the case, nor was such holding necessary in the case referred to. That case and the cases cited therein were based upon the "identity and specific character" rule for determining the question of total loss, which has been superseded in this state by the rule in the McIntyre Case. We are authorized by the Supreme Court to say in this instance that, unless there is something in the contract of insurance to indicate with reasonable certainty that the foundation of the building is not covered by the insurance, then, as it is an essentially necessary part of the structure, it will be held to be included in the policy. In case the foundation was of wood or some other combustible material, and a fire should result in a partial loss to the foundation, a contrary rule would prevent recovery of any sum for such loss. There might also arise cases where fire in the basement of a building resulted in a material loss to the foundation, but, if it be held that the policy did not cover the foundation, unless it be specially contracted to that effect, this would preclude recovery for such damage. If the rule contended for by defendant in error should be adopted because the foundation in this instance was concrete, and underground, it would necessarily apply if the foundation were constructed of any other material, and not underground. We think therefore that the safer rule is that above announced.

We have examined many cases touching upon the questions presented in this case, and the effect of all the cases has been accurately summarized by the annotator at page 793 of 56 L. R. A. in these words:

"All the cases agree that a building is totally destroyed, even though the foundations remain, but in only one of the cases did the foundation form a substantial part of the building as compared with the value of the entire structure, and in that case the decision was based on the 'identity' and 'specific character' rule, so that it may be considered somewhat uncertain what the courts would hold should a case arise in which the foundations form a more substantial portion of the building."

So in this case we think it is a question of fact as to whether the foundation of the building is a substantial part of the structure, as compared with the value of the entire building, and, if so, then it is a further question of fact as to whether or not it is reasonably adapted for use as a basis upon which to restore the building under the rule laid down in the McIntyre and Strayhorn Cases.

We therefore recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.