## CHICAGO FIRE & MARINE INS. CO. v. FOLEY.

### No. 1090.

Court of Civil Appeals of Texas. Eastland.

March 24, 1933.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Butts &. Wright and J. D. Barker, all of Cisco, for defendant in error.

FUNDERBURK, Justice.

T. Hunter Foley sued the Chicago Fire & Marine Insurance Company to recover upon a policy of fire insurance for the alleged total destruction of a building owned by plaintiff in the city of Breckenridge. The amount of the policy was $6,000, $3,000 of which was paid to. Farm & Home Savings & Loan Association, the holder of a mortgage on said property. The claim involved in the suit was limited to the balance of $3,000. Plaintiff alleged the property was totally destroyed. The policy, among other things, provided that the insurance company was not to "be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion or military or usurped power, or by order of any civil authority, or by theft or by negligence of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues and in that event, for the damage for fire only) by explosion of any kind or lightening, but liability for direct damage by lightening may be assumed by a specific agreement thereon. If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The defendant pleaded a general demurrer, which was overruled and exception noted, and among other defenses, properly to be noticed because of questions presented, first, that the policy was issued by J. M. Williamson & Co., local agents of the defendant, of which Foley was a member; that the policy was issued at his instance and request, and upon a false and fraudulent representation that the property was worth in excess of $6,000, when to his knowledge it was worth not more than $3,000; that defendant would not have issued the policy had it known the facts, and was not liable because of such fraud. Second that if Foley was not a member of said firm of J. M. Williamson & Co. he was working for the latter and receiving one-half of all commissions on policies solicited by him; that he was licensed through said agency to sell insurance; that the policy in question was issued at his special instance and request upon the representation that same was worth $6,000, when he knew that it was not worth more than $3,000; that if the company had known these facts it would not have issued the policy, for which reason same was claimed to be void and defendant not liable. Third that Foley had concealed and misrepresented the value of the property, and had represented its value to be $6,000, when he knew it was only worth $3,000, and if the company had known of this fact it would not have issued the policy, and hence plaintiff should not recover because of a provision in the policy to the effect that same should be void if the assured had concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance or the subject thereof before or after the loss.

Special issue No. 1, submitted to the jury, was: "Would a reasonably prudent person, uninsured, in rebuilding the house described

in the policy of insurance made the basis of this suit, use the remnant of the house standing after the fire for restoring the building to the same condition which it was in before the fire occurred?" To which the answer was, "No."

The jury further found that the reasonable cash market value of the property in question on January 26, 1931, at Breckenridge, Tex. (same being the date of the insurance policy), was $4,800. The jury was asked to find whether Foley knew that the sum they found to be the value of said property was the reasonable cash market value of the property at said time and place, but did not answer the question. The court gave Foley judgment for $3,000, with interest, costs, etc., from which defendant brings error.

■■ The first complaint which appellant makes of the judgment is the refusal of the court to order a mistrial on the ground of the failure of the jury to answer the special issue regarding Foley's knowledge of the value of the property at the date of the policy. In this action we think there was no error. There was no evidence that Foley was a member of the firm of J. M. Williamson & Co., and the fact that he represented that firm to the extent of receiving a part of the commissions upon policies which he was instrumental in procuring did not, we think, necessarily bring him into any fiduciary relationship with appellant. In writing the policy in question, the insurance agents were charged with knowledge that, as to that transaction, by reason of his personal interest in the matter, Foley was not representing either appellant or the agents; and the evidence does not show any misrepresentation or any concealment which, independently of a fiduciary relationship, would avoid the policy.

■ We are also of opinion that there was no error in admitting the testimony of the witnesses Harrell, Clements, and Latson, regarding the condition of the building several months after the fire, as against the objection that it was not shown that the building was in the same condition at the time when examined as it was immediately after the fire. Appellee as a witness testified that he saw the building two days after the fire, and between that time and the time he showed it to each of the said witnesses no part of the building had been burned, destroyed, or carried off. We are inclined to the view that this testimony was sufficient to render the testimony objected to admissible.

■ Complaint is made of the action of the court in permitting the above-named witnesses, who were shown to be building contractors, to testify, in substance and effect, that "A reasonably prudent person, uninsured, in rebuilding the house described in the policy of insurance," would not use the remnant of the structure left standing after the fire as a basis for restoring the building to the condition it was in before the fire, as against the objection that same was the opinion and conclusion of the witnesses in reference to an ultimate issue in the case, and being one entirely within the realm of the jury to answer. In support of this contention appellant cites the single case of Reliance Insurance Company of Philadelphia v. Jesse V. Nichols et al., 56 S.W.(2d) 479, by the El Paso Court of Civil Appeals, a report of which is not presently available to us. Quotation in the brief is made from this case, as follows: "The nineteenth proposition complains of the admission of testimony to the effect that a reasonably prudent man desiring to rebuild plaintiff's house would not use the foundation as a basis for rebuilding, also that the foundation was not a substantial part of the building. This was the opinion of the witness upon the vital issue in the case, and it should have been excluded."

Independently of this decision, we are clearly of opinion that the testimony in question was not admissible under the authority of the decision of the Supreme Court in H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808. The principle upon which such evidence is excluded is that the answer of the witnesses involved a determination of what a reasonably prudent person, under the circumstances found to exist, would have done, which is a question of mixed law and fact.

Complaint is made of the form in which special issue No. 1, quoted above, was submitted to the jury. It is insisted that it was incorrect, in that it ignored the element of desire to restore a structure such as the one destroyed was before the fire. The real issue was whether the building was a total loss. It occurs to us it would have been better to have submitted the issue so as to call for a finding of whether the building was a total loss, together with a definition, to be framed according to the opinion in Royal Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, and to include the element of "substantial" as applied to the remnant, as discussed in Fire Ass'n v. Strayhorn (Tex. Com. App.) 211 S. W. 447. However, in the absence of objection, the issue may be submitted in terms of the definition itself, and we are not prepared to hold that the issue in question was so incorrect as to require a reversal of the judgment, were that the only error of which complaint is made. We are inclined to the view that the element which it is claimed was absent was implied in the issue as submitted. We suggest, however, that upon another trial any such question may and should be obviated, as above indicated.

■ It is further contended that the court below erred in overruling the defendant's general demurrer to the plaintiff's petition. Plaintiff's petition alleged that on the 22d day

of April, 1931, while the policy was in force and effect, "said building was destroyed by fire." That the loss was total, "and that by reason thereof the sum of $6000.00 for which the same was insured against loss by fire by said policy of insurance became and was and is a liquidated demand." It was not alleged that the fire did not occur under any of the conditions or circumstances excepted from the obligations of the policy. It is established by the decisions of this state that, where provisions of an insurance policy have the effect of making exceptions from the general liability imposed by the policy, the insured has the burden in a particular case of pleading and proof to negative the existence of the exceptions. Travelers' Ins. Co. v. Harris (Tex. Com. App.) 212 S. W. 933; Coyle v. Palatine Ins. Co. (Tex. Com. App.) 222 S. W. 973; Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980; Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Alamo Fire Ins. Co. v. Shacklett (Tex. Civ. App.) 26 S. W. 630; Northwestern National Ins. Co. v. Westmoreland (Tex. Civ. App.) 215 S. W. 471.

There are three or four other assignments of error, including one or more, complaining of the argument of counsel. It occurs to us, without definitely determining the last-named questions, that the argument complained of was erroneous, and would probably require a reversal of the case. But with this suggestion made in view of another trial, we deem it unnecessary to discuss the other assignments.

For the errors mentioned, it is our opinion that the judgment of the court below should be reversed, and the cause remanded, which is accordingly so ordered.