## PHŒNIX INS. CO. OF LONDON, Limited, v. STOBAUGH.

### No. 7862.

Court of Civil Appeals of Texas. Austin. July 12, 1933.

Rehearing Denied July 29, 1933.

Bryan & Bryan, of Houston, for plaintiff in error.

Baker & Baker and J. B. Dibrell, Jr., all of Coleman, for defendant in error.

BLAIR, Justice.

The parties will be designated as appellant and appellee.

Appellee sued appellant upon its policy of insurance for $2,400, covering a house owned by appellee, which was alleged to have been totally destroyed by fire. This appellant denied, and the issue was submitted to the jury as follows: "Were the remnants of the structure in controversy left standing after the fire reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the fire?"

The jury answered the issue in the negative, and judgment was accordingly rendered for appellee as prayed; hence this appeal.

Appellant objected to the issue submitted because it did not present the question of whether a reasonably prudent owner, uninsured and desiring to rebuild the structure, would be required to use the remnants left standing after the fire in such reconstruction. Appellant requested in this connection the following special issue: "From a preponderance of the evidence; state whether or not a reasonably prudent owner, uninsured, desiring to rebuild, would have used the remnant of the structure at 1304 Llano Street, in the City of Coleman, Coleman County, Texas, as the basis for restoring said building to the condition in which it was before the fire?"

The trial court erred in refusing to submit this issue. Where the claim is the total destruction of an insured building, "the fact issue is whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as a basis for such restoration." Reliance Ins. Co. of Philadelphia v. Nichols (Tex. Civ. App.)

56 S.W.(2d) 479, 481; Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797; Fire Association v. Strayhorn (Tex. Com. App.) 211 S. W. 447; National Liberty Ins. Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040; Chicago Fire & Marine Ins. Co. v. Foley (Tex. Civ. App.) 58 S.W.(2d) 174. The issue submitted did not direct the jury to determine whether a reasonably prudent owner, uninsured and desiring to rebuild the house, would have used the remnants left standing after the fire as a basis for the restoration of the building to the condition it was in before the fire; and therefore furnished the jury no guide or test by which it might determine the ultimate fact issue required to be determined as a basis upon which the court might conclude whether the building was a total loss. The issue requested by appellant has been approved in substance and form by the authorities above cited.

█ Several witnesses, expert in the building trade, were permitted over the objection of appellant to testify in substance that a reasonably prudent owner, uninsured and desiring to rebuild appellee's house, would not have used the remnants left standing after the fire as a basis for the restoration of the building to the condition it was in before the fire. This was clearly the opinion of the witnesses upon the ultimate issue of fact to be determined by the jury, and the testimony should have been excluded. This character of testimony was held to be the opinion of the witnesses and not admissible in the Reliance Insurance Company and the Chicago Fire & Marine Insurance Company Cases, supra. The Strayhorn and the Dansby Cases, supra, point out the character of testimony which may be adduced in proof of the ultimate jury issue stated.

█ The three other defenses pleaded by appellant were: (1) That appellee, or some person at his request, burned the building for the fraudulent purpose of collecting the insurance from appellant; (2) that appellee sold and conveyed the house to another in violation of the terms of the policy; and (3) that appellee misrepresented the time the house had been vacant when he obtained a vacancy permit, which would not have been issued but for such misrepresentations.

With regard to these defenses, the jury found in answer to appropriate issues: (1) That neither appellee nor any person procured by him burned the house; (2) that appellee advised appellant's agent, who attached the vacancy permit and collected the premium therefor, that he had conveyed the property to another who had reconveyed it to appellee prior to the fire; and (3) that appellee reported the vacancy of the house to appellant's agent within ten days after it

became vacant; and that appellee did not misrepresent the time the house had been vacant at the time the vacancy permit was attached to the policy by appellant's agent. These findings are based upon sufficient evidence, and the defenses urged are concluded against appellant.

█ The evidence shows without dispute that the agent who attached the vacancy permit to the policy and collected the premium therefor from appellee was the agent of appellant and authorized to transact this business for it, and the court correctly refused to submit any issue of agency to the jury.

In view of our above conclusions, we reverse and remand the cause for a trial upon the sole issue of whether there was a total loss or destruction of the building in question by fire.

Reversed and remanded.