PHOENIX ASSURANCE COMPANY OF LONDON, LIMITED, V. J. A. STOBAUGH.

No. 6627. Decided May 13, 1936.
(94 S. W., 2d Series, 428.)

*Bryan & Bryan,* of Houston, and *Critz & Woodward,* of Coleman, for plaintiff in error.

It was error for the Court of Civil Appeals to reverse and remand the cause on the sole issue of whether or not there was a total loss. Cases cited in opinion.

*Baker & Baker, J. B. Dibrell, Jr.,* all of Coleman, for defendant in error.

The evidence of an expert witness on the question of whether remnant of building could be used as basis for the restoration of the building to its former condition was one of fact and was admissible. Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418, 108 S. W., 808.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Each party is both plaintiff in error and defendant in error in this court. We shall therefore, for convenience, designate them as they were in the trial court, wherein Stobaugh was plaintiff and the insurance company was defendant. Plaintiff sued defendant upon its policy of fire insurance covering a building owned by him. The judgment of the trial court in favor of plaintiff for the full amount of the policy was reversed by the Court of Civil Appeals and the cause remanded. 62 S. W. (2d) 678.

An issue of fact was presented in the trial court as to whether there was a total loss of the building. If there was, then, by the provisions of Article 4929, R. S., 1925, the policy was a liquidated demand against the company for the full amount thereof. One of the grounds upon which the trial court's judgment was reversed was the error of that court in permitting witnesses expert in the building trade to testify, over the objection of defendant, that, in their opinion, a reasonably prudent owner, uninsured, and desiring to rebuild plaintiff's house, would not have used the remnant left standing after the fire as a basis for the restoration of the building to the condition it was in before the fire. The Court of Civil Appeals correctly held that this evidence invaded the province of the jury and was therefore improperly admitted. The question of what a reasonably prudent owner would do is not the

subject of expert testimony. The authorities cited by the Court of Civil Appeals well support its ruling on this question. Many other authorities of like import are collated in 22 C. J., pp. 502 et seq. In Delaware Insurance Co. v. Hill, 127 S. W., 283 (writ ref.), Justice Neill tersely states that the rule is as old as the science of evidence itself. Plaintiff relies upon some language in the opinion in the case of National Liberty Insurance Co. v. Dansby (Com. App.), 260 S. W., 1040. The court was not there considering the form of the interrogatories to be propounded to a witness, but was considering the broader question of whether evidence designed to establish the conclusion should have been admitted.

■ The issue of total loss was submitted to the jury in this form:

"Where the remnants of the structure in controversy left standing after the fire reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the fire?"

Defendant requested its submission in this form:

"From a preponderance of the evidence; state whether or not a reasonably prudent owner, uninsured, desiring to rebuild, would have used the remnant of the structure at 1304 Llano Street, in the City of Coleman, Coleman County, Texas, as the basis for restoring said building to the condition in which it was before the fire."

The Court of Civil Appeals held that the requested issue should have been submitted. Since the case is to be retried we shall not discuss the question further than to point out that it does not place the burden of proof on either party, and that it does not include the element of the substantial nature of the remnant. The ultimate issue of fact is whether there was a total loss of the property. It is suggested that upon another trial, the court define "total loss" and submit the issue of whether there was a total loss of the building. That would be the simpler, and therefore the better, way to submit the case. Chicago Fire and Marine Ins. Co. v. Foley, 58 S. W. (2d) 174; Hough v. Grapotte, 90 S. W. (2d) 1090. From the rule first announced in this State in Royal Ins. Co. v. McIntyre, 90 Texas, 170, 37 S. W., 1068, 35 L. R. A., 672, as amplified in Fire Ass'n. of Philadelphia v. Strayhorn, 211 S. W., 447, National Liberty Ins. Co. v. Dansby (Com. App.), 260 S. W., 1040, and many later decisions, we suggest the following definition as comprehending the essential elements of the term:

By "total loss" is meant such destruction of a building as

that, after the fire, there remains standing in place no substantial remnant thereof which a reasonably prudent owner, uninsured, desiring to restore the building to its original condition, would utilize as a basis of such restoration.

In the trial court other defenses than that the building was not a total loss were pleaded and supported, to some extent at least, by evidence offered at the trial. Since the jury resolved the facts against the defendant as to these other defenses, and since it was held that there was no error in the manner of submitting same, the Court of Civil Appeals remanded the cause for trial upon the sole issue of whether there was a total loss or destruction of the building.

■ It is provided in Rule 62a for the government of Courts of Civil Appeals, that, if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. In this case the matter in controversy is a unit, not divisible into parts. The sole and only controversy is upon an indivisible policy of fire insurance. No part of the judgment could be affirmed and the other parts retried, for the simple reason that it has only one part. The effect of the judgment of the Court of Civil Appeals is to establish the law of the case upon controverted evidentiary matters. Rule 62a does not contemplate the trial of an indivisible cause of action by piece meal. Davis, Agent, v. Morris (Com. App.), 272 S. W., 1103; Farmers' Mill & Elevator Co. v. Hodges (Com. App.), 260 S. W., 166; Texas & N. O. R. Co. v. Weems, 165 S. W., 1194.

The judgment of the Court of Civil Appeals is reformed so as to eliminate therefrom the instruction to the trial court to retry the case upon the sole issue of whether the building was a total loss, and, as reformed, is affirmed.

Opinion adopted by the Supreme Court May 13, 1936.