TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. MACK C. LIGHTFOOT.

No. 7961. Decided April 1, 1942.
Motion for Rehearing Granted May 13, 1942.
Second Motion for Rehearing overruled June 17, 1942.
(162 S. W., 2d Series, 929.)

*Kemp, Lewright, Dyer, Wilson & Sorrell,* of Corpus Christi, for petitioner.

It was error for the Court of Civil Appeals to reverse and remand the cause solely for the purpose of determining wage rate, when it otherwise affirmed the judgment of the trial court. Earl v. Baker, 184 S. W. 297; Phoenix Assurance Co. v. Stobaugh, 127 Texas 308, 94 S. W. (2d) 428; 3 Tex. Jur., par. 810.

*W. L. Oliphant,* and *W. E. Johnson,* of Dallas, for respondents.

The Court of Civil Appeals correctly applied Rule 434, and acted properly in reversing the case as it did. Imperial Life Ins. Co. v. Mooney, 122 S. W. (2d) 204; Harvey v. Sanger-Ragley Lbr. Co., 284 S. W. 210.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a workmen's compensation case. It was filed in the District Court of Nueces County, Texas, by Mack C. Lightfoot against Texas Employers' Insurance Association. Trial in the district court, where the case was submitted to the jury on special issues, resulted in a verdict and judgment for Lightfoot. In response to appropriate issue, the jury in substance found:

(1) That Lightfoot did not work for substantially the whole of the year immediately preceding his injury in the same employment in which he was working at the time of his injury.

(2) That there was no other employee of the same class as Lightfoot who had worked substantially the whole of the year

immediately preceding January 2, 1940, (the date of injury) in the same or a neighboring place.

(3) That a weekly wage of $31.60 for Lightfoot would be just and fair to both him and the insurance association.

From the above it appears that the jury fixed Lightfoot's weekly wage for compensation purposes at $31.60, under Subdivision 3 of Section 1 of Article 8309 of our Workmen's Compensation Statutes.

Based on the above findings, and others not necessary to set out here, the trial court entered judgment for Lightfoot for the sum of $7,093.63.

The insurance association appealed from the above judgment to the Court of Civil Appeals at San Antonio. On final hearing that court held that the finding of Lightfoot's weekly wage under Subdivision 3 of Section 1 of Article 8309, supra, was without sufficient support in the evidence. The Court of Civil Appeals further held that such finding was tainted with jury misconduct. The Court of Civil Appeals then held that the errors just mentioned affected only the issue of the amount of Lightfoot's weekly wage, and reversed and remanded this cause to the district court for a new trial on that issue only. 158 S. W. (2d) 321. We quote the following from the opinion of the Court of Civil Appeals regarding its holding as to the character of new trial it ordered to be had in the district court:

"The result is that reversal of the judgment of the trial court rests primarily upon the insufficiency of the evidence to support the finding of the jury that no other employee in appellee's class worked in that vicinity substantially 300 days during the year next preceding the date of appellee's injury, and, secondarily, upon the misconduct of the jury in connection with the issue fixing the amount of the award of compensation to appellee. All other issues were found in favor of appellee upon sufficient evidence, and we have concluded that it is the duty of this Court, in observance of Rule 434, Rules of Practice and Procedure in Civil Actions, effective September 1, 1941, to restrict the matters to be retried on a remand to those issues which are affected by the errors mentioned, they being severable from all other issues.

"Accordingly, the original judgment of this Court will be amended so as to reverse the judgment and remanded the cause for another trial for the purpose only of determining the amount of appellee's weekly wage in accordance with the formula prescribed in first Subdivision 2 and 3, of Sec. 1, Art. 8309, R. S. 1925, and fixing the amount of compensation to be awarded appellee thereunder."

In its application for writ of error the insurance association makes the point that the above-quoted holding of the Court of Civil Appeals erroneously construes the part of Rule 434, Texas Rules of Civil Procedure, involved in such holding. We are therefore called upon to interpret that portion of Rule 434, supra, which reads as follows:

"* * *; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

It will be noted that the above-quoted portion of Rule 434 is a verbatim copy of a portion of former Courts of Civil Appeals Rule 62a; and, therefore, its promulgation in the new rules constitutes a repromulgation of that portion of former Rule 62a. All of Rule 62a was promulgated in Rule 434; but we are here concerned only with the above-quoted portion, and what we now say is limited in its application to that portion.

It is a well-established rule of statutory construction, which applies with equal force to rules of court, that where an existing statute is re-enacted without change in wording, such re-enactment carries with it the interpretation theretofore given it by the court of last resort. 39 Tex. Jur., p. 266, sec. 141, and auhorities there cited. In Phoenix Assurance Co. v. Stobaugh, 127 Texas 308, 94 S. W. (2d) 428, this Court held that the above-quoted portion of "Rule 62a does not contemplate the trial of an indivisible cause of action by piecemeal." The opinion in the case just mentioned cites with approval Davis, Agent, v. Morris (Com. App.), 272 S. W. 1103; Farmers' Mill & Elevator Co. v. Hodges (Com. App.), 260 S. W. 166; Texas & N. O. R. Co. v. Weems (Tex. Civ. App.), 165 S. W. 1194. There has been no pronouncement in this Court contrary to our holding in the Stobaugh case, supra. It follows that the construction which we gave Rule 62a was carried forward in Texas Rules

of Civil Procedure by repromulgation of Rule 62a without change of wording as a part of Rule 434. (See also Rule 503, Texas Rules of Civil Procedure.) It further follows that the Court of Civil Appeals committed error in holding that this indivisible cause of action can be tried "by piecemeal."

In regard to our holding, supra,· that the repromulgation in the same language of a former rule of civil procedure carries with it the interpretation placed by this Court on the former rule, we wish to say that such holding assumes that no other rule of this Court has been promulgated which would change or modify the meaning of the former rule. Furthermore, our holding in this regard assumes that the interpretation placed on the former rule was not influenced by any then-existing, but now repealed, procedural statute. The holding of this Court in the Stobaugh case has not been changed or modified by any other rule, and such holding was not influenced by any then-existing, but now repealed, procedural statute.

■ Mack C. Lightfoot has not applied to this Court for writ of error. It follows that the holding of the Court of Civil Appeals with regard to the insufficiency of the evidence to support the jury's finding of wage rate and the holding of such court with regard to such finding being tainted with jury misconduct are not before us for review. Vanover v. Henwood, 136 Texas 348, 150 S. W. (2d) 785; Texas Employers' Ins. Assn. v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583; Robinson v. Draper, 133 Texas 280, 127 S. W. (2d) 181; Jordan v. Morten Investment Co., 127 Texas 37, 90 S. W. (2d) 241; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123; Montgomery v. Houston Electric Co., 135 Texas 538, 144 S. W. (2d) 251.

The judgment of the Court of Civil Appeals is reformed so as to eliminate therefrom the instruction to the trial court to retry the case upon the sole issue of wage rate,—and, as reformed, is affirmed. The effect of our judgment is that the case is remanded to the district court for a new trial generally.

Opinion delivered April 1, 1942.

### ON MOTION FOR REHEARING.

In his motion for rehearing, seasonably filed in this Court, Mack C. Lightfoot offers to accept compensation for 401 weeks

at the rate of $7.00 per week, computed to a lump sum settlement. Lightfoot also offers to remit the difference between the lump sum settlement produced by allowing him a weekly compensation of $7.00 per week, and the lump sum settlement produced by allowing him a weekly compensation of $18.96 per week, as awarded by the district court.

■■ Section 10 of Article 8306 of our Civil Statutes provides for a minimum compensation in total incapacity cases of $7.00 per week. It is the law that where the portion of a jury's verdict tainted with misconduct, or improperly arrived at, is capable of definite and accurate ascertainment, and where the jury acted free from prejudice and passion, a remittitur of the portion so tainted or improperly arrived at will cure the error, and the part of the verdict free from the taint of misconduct and properly arrived at will be permitted to stand. International-Great Northern R. Co. v. Cooper (Com. App.), 1 S. W. (2d) 578; El Paso Electric Co. v. Whitenack (Com. App.), 1 S. W. (2d) 594. Since the law allows Lightfoot a minimum compensation of $7.00 per week, the verdict of the jury as to that amount is undoubtedly untainted and properly arrived at. He is therefore, at least, entitled to compensation computed at that rate. Lightfoot's offer of remittitur can properly be entertained in this Court. Edmundson v. Yates, 25 Texas 373; Baldwin v. Haskell Natl. Bank, 104 Texas 122, 133 S. W. 864, 134 S. W. 1178; Gulf, C. & S. F. Ry. Co. v. Trawick, 80 Texas 270, 15 S. W. 568, 18 S. W. 948; 3 Tex. Jur., p. 1173.

It is ordered that Lightfoot's motion for rehearing be granted, and that judgment be now here entered as follows:

(a) The judgment heretofore entered by us is set aside.

(b) The judgments of the Court of Civil Appeals and district court are both reversed.

(c) Judgment is now here rendered in favor of Mack C. Lightfoot, and against Texas Employers Insurance Association, for compensation for 401 weeks, at a weekly wage of $7.00 per week, discounted to a lump sum settlement.

(d) It is ordered that the Texas Employers Insurance Association shall pay all costs in the district court, and that Mack C. Lightfoot shall pay all costs of appeal to the Court of Civil Appeals and to this Court.

Opinion delivered May 13, 1942.

Second motion for rehearing overruled June 17, 1942.