## ST. LOUIS FIRE & MARINE INS. CO. v. SILVERMAN.

### No. 12096.

Court of Civil Appeals of Texas. Galveston.

June 16, 1949.

Chilton Bryan and S. G. Kolius, of Houston, for appellant.

Berry & Richards and Rex G. Baker, Jr., of Houston, for appellee.

CODY, Justice.

This is an action by appellee upon a policy of fire insurance issued by appellant to recover for the "total loss" by fire of the building covered by the policy. The appel-

lant denied that the building was a total loss, and pled that proof of loss was not made within ninety-one days as required by the terms of the policy. During the course of the trial, which was to a jury, appellee, under leave of the court, filed a trial amendment in which he pled compliance with the terms of the policy, and in the alternative pled a waiver of compliance and that appellant was estopped to deny compliance.

At the conclusion of all the evidence, appellant moved for a directed verdict, but the court submitted the case to the jury on five special issues. Upon the jury's findings, which included a finding of "total loss", the court held that the policy sued on constituted a liquidated demand for its full face value of $1000.00, and rendered judgment for appellee therefor, together with interest thereon at the rate of six per cent per annum from the date that appellant filed its answer of denial until the day judgment was rendered, together with interest thereon from the said law day until paid at the rate of six per cent per annum.

Appellant predicates its appeal upon five points, to the effect: (1) that the court erred in its definition of "total loss" (2) that the jury's answer to special issue No. 1, relating to "total loss", was against the great weight and preponderance of the evidence (3) that the court improperly permitted appellee's witness to testify that when he made demand on appellant's adjuster for total loss under the policy, that the adjuster said the company would pay $500.00 (4) that it was reversible error to permit appellee to file a trial amendment (5) that the submission of special issue No. 5 was reversible error.

Special issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that the damage to plaintiff's house constituted a total loss? Answer 'Yes' or 'No'.

"In connection with the foregoing issue you are instructed that by the term 'total loss' is meant such destruction of a building as that after the fire there remained standing in place no substantial remnant thereof which a reasonably prudent owner,

uninsured, desiring to restore the building to its original condition would utilize as a basis of such restoration."

The definition which appellant submitted, and now complains of the court's refusal to give, practically paraphrased the definition given by the court, and quoted above, except that, following the words "owner; uninsured", appellant inserted the words "having in mind the type, location and use of the house". Except as so modified, the definition which appellant insists that the court should have given did not materially differ from the definition of "total loss" given by the court.[1]

The evidence showed that the house was rented to Negro tenants, and was old and in a somewhat decayed condition, and was located in the section of Houston where other like houses are rented to Negro tenants.

■ The courts had grave difficulty in working out a proper definition of "total loss" as that term is used in a fire insurance policy. In the case of Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S.W. 1068, 35 L.R.A. 672, 59 Am.St.Rep. 797, Judge Denman traced the process of judicial progress in working out a properly comprehensive and exclusive definition, beginning with cases which arose under marine insurance, and from such extensive review he found that the proper definition of "total loss", as used in fire insurance policies, was in substance the same as that given in the court's charge in this case. In Phoenix Assur. Co. of London v. Stobaugh, 127 Tex. 307, 310, 311, 94 S.W.2d 428, the question of the proper definition was again before our supreme court for consideration, and after referring to the elaborate opinion in the McIntyre case, supra, and other cases, the identical definition given in the court's charge was recommended as being a correct one. Again in Republic Insurance Company v. Hale, 128 Tex. 616, 624, 99 S.W.2d 909, the definition in the identical words used in the court's charge was adopted as correct.—We overrule appellant's first point.

■■ We have carefully considered ap-

1 We do not imply that there is any difference in the sense between the definition as worded in the court's charge, and as worded by appellant.

pellant's second point. Unquestionably appellant's evidence was sufficient to have supported a verdict that the house was not a "total loss" from fire, had the jury accepted appellant's evidence as true. But such evidence was in conflict with the evidence submitted by appellee. The credibility of the testimony was for the jury, and appellee's evidence was sufficient to support the finding. We believe no good purpose would be served in reviewing the evidence at length. We overrule appellant's second point.

■■■ Mr. Richards, appellee's attorney, testified with respect to the letter which he had received from appellant, which related to his demand made upon appellant for appellee for payment for "total loss". The substance of his testimony was that he contracted appellant's adjuster, as directed by appellant's said letter so to do, and demanded of him to pay the thousand dollars under the policy, and that the adjuster said that he would pay five hundred dollars and no more, and that he, Mr. Richards, refused the five hundred dollars on behalf of appellee. The record reflects in this case that Mr. Bryan, attorney for appellant, objected to the testimony of Mr. Richards because there were no pleadings by appellee of waiver and estoppel, and on the further ground that the testimony was immaterial and irrelevant.—Whether the court abused his discretion in permitting the appellee to amend his petition and plead waiver and estoppel with reference to proof of loss within the ninety-one day period is not here the question.—The objection that testimony is "immaterial and irrelevant" is ordinarily too vague and indefinite to call the court's attention to any specific error. And surely the offer by appellant's adjuster to pay appellee $500.00 tended to prove that appellant admitted liability. An admission of liability made by way of negotiation for a settlement and compromise, will ordinarily be excluded if objected to on that ground. But appellant did not object to its adjuster's offer to pay appellee upon such ground. It would be difficult to name any character of evidence which is more relevant and material than an admission by a party of liability. We overrule appellant's third point.

Appellant objected to the action of the court in permitting appellee to file a trial amendment, pleading waiver by, and estoppel against appellant, with respect to making proof of loss by appellee within the specified period of ninety-one days. Appellant also objected to submission of special issue No. 5, inquiring whether the insurance company by its acts and conduct waived the provisions in the insurance policy providing for the making of proof of loss.—We overrule the points.

Rule 66, Texas Rules of Civil Procedure, provides that "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading * * * the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense up on the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

■■ The record shows that, upon the filing of the trial amendment, and in response to appellant's objection to such filing, the court offered to permit appellant to reopen and proceed with its evidence, but appellant declined. Neither did appellant urge surprise nor request a postponement. So far as the record reflects, the action of the court in permitting appellee to file said trial amendment did not deprive appellant of any advantage which appellant was entitled in justice to retain. There is no evidence that the court abused its discretion. Special issue No. 5 was within the issues made by the pleadings after the trial amendment was filed.

The judgment is ordered affirmed.