Harley BOLDING, Appellant,

v.

Dorman L. CHAPMAN, d/b/a Ace
Builders Company, Appellee.

No. 11329.

Court of Civil Appeals of Texas.

Austin.

Oct. 20, 1965.

Rehearing Denied Nov. 3, 1965.

Marvin C. Hanz, San Angelo, for appellant.

Blanks, Thigpin, Logan, Steib & Lewis, S. Ancial Middlebrook, San Angelo, for appellee.

HUGHES, Justice.

Dorman L. Chapman, doing business under the trade name of Ace Builders Company, appellee, sued Harley Bolding, appellant, to recover on four promissory notes dated July 18, 1963, executed by him in favor of appellee in the amounts of $4,201.-68, $1,564.27, $1,573.54 and $1,672.63, respectively, each payable three months after date. Judgment was sought for the principal amount of such notes less an admitted credit of $679.10, interest and attorney's fees.

Appellant answered this suit by alleging, "That on the 18th day of July, 1963, plaintiff, Dorman L. Chapman, d/b/a Ace Builders Company, called Harley Bolding, relative to executing some notes and the said Harley Bolding went to the office of the said Dorman L. Chapman relative to the same; that the said Harley Bolding was not personally obligated on some of the notes involved and there was a difference about a settlement for over-charges and credits to which the said Harley Bolding would have been entitled upon an accounting; that the said Harley Bolding had originally commenced business with the said Dorman L. Chapman under an agreement for charges to be based on prices not to exceed the price for which he could buy the same material from City Lumber Company at San Angelo, Texas, and that some of the houses covered by the notes involved were houses in which the said Harley Bolding had no interest except that he had bought

and paid for the lots on which the houses had been constructed; that at the time of the execution of such notes and as part of the consideration for the same Dorman L. Chapman, plaintiff, agreed to in writing with the said Harley Bolding to credit such notes with any allowances, credits or offsets to which the said Harley Bolding would be entitled by reason of any past purchases and that if such were more than the notes that the said Dorman L. Chapman would pay such difference to the said Harley Bolding, that an accounting would be at the request of the said Harley Bolding; * * *. That the defendant has prepared an accounting of credits to which he is entitled under such agreement as against such notes and same are as shown on the attached Exhibit 'A' attached hereto and made a part hereof showing credits in the amount of $24,165.35 for items which have been paid for by Harley Bolding and the funds for the same have been received by the plaintiff, Dorman L. Chapman, and that no such credits have been allowed on any of the aforesaid notes and to which credits this defendant is entitled on the aforesaid notes and was entitled at all times from the date of the execution of the same, to his damage to the extent of $24,165.35; that no other matters of the accounting are in dispute or in question and addition or subtraction of such items from the accounting are moot.

Wherefore, premises considered, defendant, Harley Bolding, prays the court that the plaintiff take nothing from the cause herein and that such credits be allowed against the notes sued on, subject of the two aforesaid suits, and that no attorney's fees or interest be allowed."

Appellant also filed a cross-action in which he sought recovery against appellee for the principal sum of $15,153.23, being the difference between the amount alleged to be due on the four notes and the amount which appellant alleged appellee owed him.

Trial was had to a jury. No issues were submitted to the jury regarding the notes in suit. The following issues, summarized, were submitted to the jury pertaining to appellant's defense and cross-action: (1) Did appellee execute and deliver to appellant before the notes in suit were executed a written agreement that he would account to appellant and allow him credit for the excess, if any, of all prior charges not made in accordance with three certain specified conditions (2) Was such agreement executed and delivered as an inducement for the execution of the notes in suit. Issues three, four and five inquired as to the damages sustained by reason of a breach of the three conditions alleged to have been contained in the written agreement referred to in the first special issue. Issues two through five were conditioned on an affirmative answer to issue number one. The jury was unable to answer issue number one and did not answer any of the issues submitted to it. The jury was discharged and a mistrial granted. Thereafter, appellee moved the trial court to sever his suit on the notes from some or all of the issues presented by appellant's cross-action and to render judgment for him on the notes and against appellant on his cross-action.[1]

This motion for severance and for judgments was granted to the extent that the severance was ordered and judgment rendered for appellee on the notes in accordance with his petition. No judgment was rendered against appellant on his cross-action the court specifically providing the severance should "in no way be determinative of any issues—asserted by the defendant Harley Bolding in his cause of action asserted against Dorman L. Chapman."

Appellee in his brief herein states that, "While appellee does not deny that appellant should have the right to continue the attempt to try and dispose of his cross-action, appellee does contend that its ac-

1. See Rule 41, Texas Rules of Civil Procedure, Kansas University Endowment Association v. King, 162 Tex. 599, 350 S.W.2d 11.

tion on the notes be finally and speedily disposed of."

The principal question presented by this appeal is the propriety of the court's action in granting the severance above described.

■ It is our opinion that the trial court erred in granting such severance and that the error is, or certainly could be, very prejudicial to appellant. Appellee has a very large judgment against appellant the enforcement of which could conceivably be disastrous to appellant, which judgment he may not rightfully owe in whole or in part.

The record shows that when this suit was tried there was pending a suit filed by appellant against appellee in which appellant alleged that between June 10, 1961 and May 22, 1962, he had paid overcharges to appellee in the sum of $4,417.63 and he sought its recovery. It appears that this suit is a part of the controversy which was tried in the court below.

But for the pendency of this suit it is clear that the answer and cross-action of appellant herein would, under Rule 97(a), T.R.C.P., constitute a compulsory counterclaim since its subject matter arose out of the transaction or occurrence in which or as a result of which the notes involved herein were executed.

Whether the pendency of appellant's suit against appellee for $4,417.93 is a "pending action" within Rule 97, supra, so as to preclude the necessity of appellant filing his counterclaim for $15,153.23 or so as not to require appellant to plead defensively a counterclaim sufficient to defeat recovery on the notes in suit are questions we need not decide because appellant has so pleaded.

We will say, however, as said by the Fort Worth Court in Ulmer v. Mackey, Tex. Civ.App., 242 S.W.2d 679, writ ref., n. r. e., "We deem if it is necessary to file such cross action that it is also imperative to try it in the same cause." This same case also points out that the purpose of Rule

97(a) is to "avoid circuity of action, inconvenience, expense and consumption of the court's time in trying said cross action in an independent suit."

These reasons are all applicable here even though appellant's answer and cross-action may not, because of the pending action, technically constitute a compulsory counterclaim.

In addition, the hardship which would be cast upon appellant if he is required to pay or suffer execution against his property to satisfy a judgment which he may not owe persuades us that the action of the trial court in granting the severance herein was an abuse of discretion, and the order of severance is hereby vacated.

One further question relating to the attorney's fees clauses in the notes in suit remains to be determined.

Each of the notes sued on by appellee contains the usual attorney's fee provision except that the blanks in the notes where the singular or plural, "I" or "We," is to be inserted accordingly as the note is made by one or more persons, are filled with the figures "1090."

■ It is our opinion that the notes, fairly read and construed, evidence an agreement by the parties for the recovery of attorney's fees under the conditions stated. The figures "1090" are meaningless in their context in these notes. It is the same, we believe, as if the blanks were left blank. Under such circumstances it has been held that the right to recover attorney's fees is unaffected by such omission. Rutherford v. Gaines, Tex.Civ.App., 118 S.W. 866, reformed and rendered, 103 Tex. 263, 126 S.W. 261, in which the recovery of attorney's fees was affirmed.

The judgment of the trial court is reversed and this cause is remanded for trial in accordance with this opinion.

Reversed and remanded.

ARCHER, C. J., not participating.