Maurice BALL, Appellant,

v.

**COOPER–STANLEY COMPANY, Inc.,**
**Appellee.**

No. 16854.

Court of Civil Appeals of Texas.

Dallas.

Feb. 17, 1967.

Rehearing Denied March 24, 1967.

Henry Stollenwerck, of Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

June R. Welch, Dallas, for appellee.

BATEMAN, Justice.

The appellee Cooper-Stanley Company, Inc. sued the appellant Maurice Ball to recover a balance claimed to be owing for paving done by appellee. Appellant filed a counterclaim for damages for alleged breach by appellee of the contract to do the paving.

At the close of the evidence the court withdrew from jury consideration appellee's claim against appellant and granted

its motion for judgment on its "sworn account" for $3,400.75 on the ground that appellant had not sworn to his answer opposing the same. The court then submitted to the jury five special issues, in answer to which the jury found: (1) that $1,000 would be a reasonable fee for appellee's attorney for representing it; (2) that appellee did not perform the agreement for the paving in a workmanlike manner in accordance with the agreement; (3) that defects existing in the work done by appellee could be remedied without impairing the road as a whole; (4) that $3,750 would be the reasonable cost of repairing the defects; and (5) that the defects were not caused by the condition of the base of the roads beneath the asphalt. The court then rendered final judgment for appellee against appellant for the sworn account of $3,400.75 and the $1,000 attorney's fee, or a total of $4,400.75, and judgment on the verdict in favor of appellant against appellee for the $3,750, the difference of $650.75 representing the net judgment rendered in favor of appellee.

■ Appellant's only point of error on appeal complains of the judgment against him on sworn account because of his failure to swear to his answer thereto, contending that this suit, being for the amount claimed to be due under a special contract, does not come within the purview of Rule 185, Vernon's Texas Rules of Civil Procedure. We agree with this contention.

The contract consists of a "proposal" submitted by appellee to appellant dated October 15, 1964. In the caption thereof appear the names of two streets in the City of Hutchins, Texas, and the following are the provisions and conditions of the proposal:

"Work to be completed:

"Shape existing gravel base, tack concrete edges with RC$_2$ liquid asphalt, and lay 2 inches of hot plant mix asphaltic concrete on area approximately 11,000 square yards @ 82¢ per square yard.

"Job will be measured on completion.

"Guarantee job for one year.

"Remove large rocks from base.

"Work to begin immediately, completion as soon as weather permits.

"A payment for approximately one half to be paid when the job is one half completed, and the balance to be paid immediately upon completion. $250 to be subtracted from final payment as Cooper-Stanley Company's share of the payment made to Poovey and Wooten, Inc.

"All material is guaranteed to be as specified. All work to be completed in workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire, tornado and other necessary insurance. Our workers are fully covered by Workmen's Compensation Insurance."

Immediately following the "proposal" we find the following:

"ACCEPTANCE OF PROPOSAL

"The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

"ACCEPTED:

"Date Oct. 16, 64

"Signature /s/ Maurice Ball
"/t/ Maurice Ball

"Signature /s/ R. E. Stanley
"/t/ Cooper-Stanley
Company, Inc."

■ Appellee contends that said agreement does not constitute an enforceable con-

tract because it leaves four factors undetermined: (1) the number of square yards of paving, (2) the consideration to be paid, (3) the date of completion, and (4) the time of final payment. We overrule this contention, agreeing with appellant that the agreement is sufficiently definite to constitute a "special contract," as that phrase is used in Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78. The Supreme Court in that case held that a "sworn account," as used in Rule 185, T.R.C.P., "applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract." See also McCollum v. May, Tex.Civ.App., 396 S.W.2d 170, 172, no wr. hist.; Kirkwood & Morgan, Inc. v. Roach, Rig Bldg. & Const. Co., Tex.Civ. App., 360 S.W.2d 173, wr. ref. n. r. e.

There was also error in allowing appellee the attorney's fee of $1,000. This fee was claimed under Vernon's Ann.Civ. St., Art. 2226 on the theory that the main cause of action was on sworn account within the purview of Rule 185, T.R.C.P., but, as indicated above, this premise is untenable; therefore, Art. 2226 is inapplicable. Van Zandt v. Fort Worth Press, Tex.Sup. 1962, 359 S.W.2d 893; Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435, 441.

For these reasons that part of the judgment which awarded appellee $3,400.75 and an attorney's fee of $1,000 is reversed and remanded.

By its first two cross points appellee complains of the lack of evidence to support the submission of Special Issues Nos. 2, 3, 4 and 5 or the jury's answers thereto. The third cross point says that those answers were against the great weight and preponderance of the evidence.

As appellant's cause of action for damages is based upon the alleged breach by appellee of the very contract upon which appellee's cause of action is based, and the two causes of action are therefore not severable, the reversal of appellee's judgment makes it necessary for us to reverse appellant's judgment in order that the entire case may be tried at one time. Therefore, without passing upon the cross points or making any finding with respect to the sufficiency *vel non* of the evidence, and simply because there is no authority in the law for "the trial of an indivisible cause of action by piecemeal," Phoenix Assur. Co. of London v. Stobaugh, 127 Tex. 308; 94 S.W.2d 428, we reverse the entire judgment and remand the entire case for another trial. See also Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W. 2d 929.

Reversed and remanded.

## ON MOTIONS FOR REHEARING

Both parties have moved for rehearing.

Appellant contends that the jury verdict settled all justiciable issues between the parties and that we should reverse and render judgment for him for the amount of damages found by the jury. We cannot do this. Appellee's case against appellant for the indebtedness claimed was never submitted to the jury. As shown by the judgment, the court sustained appellee's motion for judgment before any charge was submitted to the jury. This was error requiring reversal. Appellee was not entitled to have its claim withdrawn from the jury and decided by the court as a matter of law, as was done, but it was entitled to have the issues involved in its claim submitted affirmatively to the jury. We remanded the case in order that that might be accomplished.

Appellant says that in that event we should remand only that part of the case which involves appellee's claim and affirm that part of the judgment in appellant's favor.

Appellee brought this suit originally, and if appellant had a claim against appellee arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim," he was compelled by subdivision (a) of Rule 97, T.R.C.P., to state it as a counterclaim in appellee's suit. The fact that the rule makes it a *compulsory* counterclaim indicates clearly the policy of the law "to avoid circuity of action, inconvenience, expense and consumption of the court's time in trying" such a counterclaim in an independent suit. Ulmer v. Mackey, Tex.Civ.App., 242 S.W.2d 679, 681, wr. ref. n. r. e.; Bolding v. Chapman, Tex.Civ.App., 394 S.W.2d 862, wr. ref. n. r. e. The entire case must be tried as one case; it cannot properly be tried piecemeal. It was tried on the wrong theory and must, therefore, be tried again.

Both motions for rehearing are overruled.