**C. A. PARMER, Appellant,**

v.

**Hal ANDERSON, Appellee.**

**No. 17447.**

Court of Civil Appeals of Texas, Dallas.

May 29, 1970.

————◆————

Arthur Skibell, Spinuzzi & Girand, Dallas, for appellant.

Lee Shipp, Shipp & Crooks, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Hal Anderson brought this action against C. A. Parmer seeking to recover unpaid installments of a rental agreement. Parmer answered, denying that he had failed to pay the monthly rental due for the months in question. Anderson filed his motion for summary judgment supported by affidavit of his attorney in which it was alleged that the monthly rental payments due under the contract subsequent to December 15, 1968 had not been paid. Parmer answered the motion and attached his affidavit in which he said that he had made the monthly payments of rental from May 15, 1968 to and including April 15, 1969.

The trial court heard the motion for summary judgment and entered an order granting same. As a part of the order the court stated that he was "of the opinion that Defendant's Answer does not comply with Rule 185 of the Texas Rules of Civil Procedure * * *."

Judgment was entered in favor of Anderson and against Parmer for the sum of $600.

Appellant vigorously attacks this judgment in several points of error. Primarily, he contends that the trial court was in error in treating appellee's cause of action as one properly brought as a sworn account pursuant to Rule 185, Vernon's Texas Rules of Civil Procedure. Appellant argues that the subject matter of the suit was not such as to make it a subject for a sworn account under this rule so that he was not required to respond with the particular sworn answer required by the rule.

We sustain appellant's contention. Rule 185, T.R.C.P., prescribes the particular types of action which may be brought under the designation of "sworn account". These are (1) upon an open account or (2) other claim for goods, wares and merchandise, (3) including any claim for a liquidated money demand based upon written contract or founded on business dealing between the parties, (4) or for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept. A careful examination of the original petition of appellee clearly reveals that the cause of action asserted does not fall within any of these categories enumerated in this rule. Obviously the suit is to recover money allegedly due based upon a rental agreement between the parties. We think that the affidavit of appellee's attorney, attached to the motion for summary judgment, clearly demonstrates that the suit arose out of a special contract between the parties. This identical situation was discussed by us in Robinson v. Faulkner, 422 S.W.2d 209 (Tex.Civ.App., Dallas 1967), in which we held that the suit was based on a contract rather than upon a sworn

account which rendered it unnecessary for the adverse party to verify his answer pursuant to Rule 185, T.R.C.P. See also Ball v. Cooper-Stanley Co., Inc., 413 S.W. 2d 467 (Tex.Civ.App., Dallas 1967).

Even if it could be said that the action was properly maintainable under Rule 185, T.R.C.P., we think appellant's denial, under oath, that the rental payments sued upon were due and payable, is in substantial compliance with the rule.

Moreover, the suit cannot be said to have been instituted pursuant to Rule 185, T.R.C.P., for the reason that the petition filed by appellee is not supported by an affidavit of appellee, or his attorney, taken before some officer authorized to administer oaths. Examination of plaintiff's original petition reveals that it was signed by the attorney for plaintiff; that it contains an affidavit form signed by the attorney but it is not signed or subscribed by a notary public or any other officer authorized to administer oaths. The petition was therefore not filed under oath as prescribed by the rule.

Appellant contends that his affidavit in opposition to appellee's motion for summary judgment clearly presents issues of fact which must be submitted to a trier of fact. We agree. The whole question presented by the pleadings is whether appellant paid certain monthly rental installments. Appellee, through the affidavit of his attorney, says that such installments were not paid. Appellant, in his affidavit, says that such installments were paid. Thus a clear-cut issue of fact is presented. It is elementary that when summary judgment evidence discloses the existence of controverted issues of fact the motion must be overruled.

The judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded.